806 So.2d 697 (2001)
STATE of Louisiana
v.
Kennan TEMPLE.
No. 01-KA-655.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2001.
*700 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux Thomas J. Butler, Thomas S. Block, Kia Habisreitinger, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
J. Wilson Rambo, Monroe, LA, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
*701 SOL GOTHARD, Judge.
Defendant, Kennan Temple, and co-defendant, Waldon Shief, were charged by Grand Jury Indictment with possession with intent to distribute heroin in violation of LSA-R.S. 40:966(A). A third defendant, Keith Tobias, was also charged in the same indictment with possession of heroin in violation of LSA R.S. 40:966(C). Defendants pled not guilty and filed several pretrial motions including a motion to suppress the evidence, which was denied after a hearing. Defendants, Tobias and Temple, filed writs of review with this Court which were denied.[1] Defendant, Temple, sought relief from the Louisiana Supreme Court on the same issue, but that writ application was also denied.[2]
Shief subsequently pled guilty to the lesser charge of possession of heroin in exchange for his testimony at trial. Temple and Tobias proceeded to trial. The first two attempts to try defendants ended in mis-trials. After a three day trial in November, 2000, the jury found defendant, Tobias, not-guilty, and defendant, Temple, guilty as charged. Defendant, Temple, filed a motion for post verdict judgment of acquittal, a motion for modification of the verdict and a motion for new trial, all of which were denied. He was subsequently sentenced to life imprisonment without the benefit of probation or suspension of sentence. Defendant, Temple, appeals his conviction and sentence to this court.

FACTS
On the evening of October 26, 1999, Agent Salvador Castagnetta received information from Sergeant Bruce Little, commander of the New Orleans Police Department narcotics unit, regarding possible drug activity at 3712 Delaney Street in Harvey. Based on that information, Agent Castagnetta believed a black man would be leaving the residence to make a heroin delivery to New Orleans. He immediately proceeded to the residence and set up surveillance. Approximately ten to twenty minutes after he began the surveillance, Agent Castagnetta saw a black male exit the residence and leave in a blue vehicle that was parked on the street. The officer followed the blue vehicle until other surveillance units in the area took over the pursuit.
Detective Roger Ballard was among one of the units that picked up the surveillance of the blue vehicle. He followed the vehicle to the elevated portion of the Westbank Expressway and stopped the vehicle near Stumpf Boulevard. Detective Ballard ordered the driver, Waldon Shief, to exit the car and inquired whether there were illegal drugs or weapons in the vehicle. Shief indicated he had a "roach," or partially burned marijuana cigarette, in the ashtray. Detective Ballard retrieved the "roach" and discovered a bag of loose marijuana between the driver's seat and the center console. Thereafter, Shief was arrested. A search of the vehicle revealed forty individual packets of heroin hidden in the dashboard and a two-way radio on the front passenger seat. Shief indicated he picked up the heroin from a handicapped person at 3712 Delaney Street, and was delivering it to a female in New Orleans.
Detective Ballard informed Agent Castagnetta of the heroin discovery and alerted him to the two-way radio found in the car. Based on this information, Agent Castagnetta decided to secure the residence at 3712 Delaney Street to prevent the destruction of evidence before a search *702 warrant could be obtained. Agent Castagnetta and several other police officers made a forced entry into the residence and secured the occupants.
Detective Ballard found defendant lying unclothed on a bed in an upstairs bedroom with Keith Tobias standing nearby. After securing defendant and Tobias, Detective Ballard observed that the bedroom window was opened and the screen was pushed out. When he looked out of the window, he saw a white bag and a shotgun lying on the ground below. On closer investigation it was discovered that what appeared to be a white bag was actually a pillowcase containing a Smith and Wesson .40 handgun, a box of .40 ammunition, a box of 20-gauge shotgun shells, a hand-rolled marijuana cigarette, two bags of marijuana and one aluminum foil package containing one dose of heroin. The pillowcase and items found therein, and 20-gauge shotgun were immediately retrieved by Agent Castagnetta. Prior to taking defendant and Tobias downstairs, Detective Ballard was advised by defendant, who is handicapped, that he needed medical supplies out of his black backpack. Detective Ballard searched the bag to insure there was no weapon, and discovered one aluminum foil packet containing heroin.
The occupants were secured in the downstairs living room while the police waited for a warrant to search the residence. The search warrant arrived approximately one and one-half hours later. A search of the house revealed drug paraphernalia in defendant's bedroom consisting of a digital scale, small plastic baggies, small blue wax paper-type envelopes, a pack of rubber bands, a grinder and a bottle of mannitol which is used to dilute drugs. Additionally, a two-way radio was found on defendant's bed, a bullet-proof vest was found under the mattress, a marijuana cigarette was found on a dresser in defendant's bedroom, and approximately $1,000.00 was found in another bedroom of the residence. Defendant was subsequently arrested and charged with possession with intent to distribute heroin.

ASSIGNMENTS OF ERROR
In brief to this Court, defendant assigns eight assignments of error. Assignments two, three and four all question the sufficiency of the evidence used to convict defendant. When issues on appeal relate to both the sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. When the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any issue regarding trial errors becomes moot. State v. Hearold, 603 So.2d 731 (La.1992); State v. Mayeux, 94-105 (La. App. 5 Cir. 6/28/94), 639 So.2d 828, 834. Accordingly, we will consider the issue of sufficiency of the evidence first.
The standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560.
In brief to this court, defendant argues the State did not prove that he had specific intent to distribute the heroin found in his residence. Defendant does not question the proof of possession of the heroin.
The crime of possession with intent to distribute heroin requires proof that the defendant knowingly and intentionally possessed the drug, and that he did so with the specific intent to distribute it. LSA-R.S. *703 40:966(A); State v. Taylor, 99-1154 (La.App. 5 Cir. 2/29/00), 757 So.2d 63, 71, writ denied, 00-1021 (La.3/30/01), 788 So.2d 441. The first element, "possession," includes both "actual" and "constructive" possession. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1331; State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 69, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
Specific intent is defined as that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences as reasonably certain to result from his act or failure to act. LSA R.S. 14:10. The intent to distribute may be established by proving circumstances surrounding the defendant's possession which give rise to reasonable inferences of intent to distribute. State v. White, 98-91 (La.App. 5 Cir. 6/30/98), 715 So.2d 714, 717, writ denied, 98-2043 (La.11/25/98), 729 So.2d 577. Factors which may give rise to a reasonable inference that defendant had the specific intent to distribute include: 1) previous attempts to distribute; 2) whether the drug was in a form consistent with distribution to others; 3) the amount of the drug; 4) expert or other testimony showing the amount found in the defendant's possession to be inconsistent with personal use only; and, 5) paraphernalia evidencing an intent to distribute. Id.
Defendant was found in actual possession of only one dose of heroin. However, Shief testified that the forty individual packages of heroin found in his car belonged to defendant. Shief explained that he was delivering the drugs to New Orleans at defendant's request. Shief stated he went to defendant's house to check on him when he heard defendant on the phone making a drug deal. Thereafter, defendant asked Shief to "make a run," or deliver drugs to New Orleans. Shief further stated that it was not the first time he had helped defendant deliver drugs. Shief then explained prior deliveries he made in which defendant gave him the drugs and designated the spot for delivery.
Detective Bruce Harrison, an expert in the identification, use, packaging, distribution and value of controlled dangerous substances, testified that dealers commonly use couriers to make drug deliveries. He explained that a courier distances the dealer from the drugs.
The forty units of heroin found in Shief's vehicle were packaged in wax paper bags and matched packaging material, wax paper bags and black rubber bands, found in defendant's bedroom. Detective Harrison testified that the wax paper bags were a new type of packaging material used for retail distribution of heroin. He indicated each wax paper bag contains approximately three to four dosage units and sells for $60.00 to $80.00.
Detective Harrison also testified regarding drug paraphernalia which he stated included assets such as cash, packaging material, communication devices such as pagers and two-way radios, scales or measuring devices, and weapons. In addition to the packaging material, additional drug paraphernalia was found in defendant's bedroom. A two-way radio that matched the two-way radio found in Shief's car was found next to defendant on his bed. A grinder was found in the trash can which, according to Detective Harrison, is commonly used to stretch heroin. A bottle of mannitol was found in a file drawer and is commonly used to dilute, or "cut," heroin. A digital scale was found on the night-stand, and approximately $1,000.00 belonging to defendant was found in another bedroom of the residence.
*704 The jury was fully aware that Shief had entered into a plea agreement with the State whereby he would testify against defendant in exchange for a lesser sentence. Nonetheless, the jury chose to believe Shief. The credibility of a witness is within the sound discretion of the trier of fact. It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. Hotoph, 99-243 (La. App. 5 Cir. 11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066.
In the present case, the quantity of drugs seized, the amount of cash found belonging to defendant, the plethora of drug paraphernalia found in defendant's bedroom, the match between the packaging materials found in defendant's bedroom and the packaged heroin found in Shief's car, and the testimony of Shief concerning the past and present drug deliveries he has made for defendant are all factors which support defendant's conviction. Thus, in viewing the evidence in a light most favorable to the prosecution, we find the State proved, beyond a reasonable doubt, that defendant possessed heroin with the intent to distribute.
Because we find no merit in defendant's assertion that the evidence was insufficient to support his conviction, we will now address the trial errors assigned by defendant.
In the first assignment of error, defendant asserts that the trial court erred in overruling his motion to suppress. In support of this assertion, defendant argues the trial court erred in failing to suppress the evidence seized from his home on the basis that the police made a warrantless entry into his home without justification. Defendant maintains the police did not have exigent circumstances to enter his home without a warrant and, thus, the subsequent search of his home, prior to the arrival of the search warrant, was illegal.
As previously noted, defendant's motion to suppress the evidence was denied by the trial court, by this Court on defendant's application for supervisory review, and by the Louisiana Supreme Court on defendant's application for writ of certiorari. In denying defendant's writ application, this Court ruled:
Upon review of the writ applications, particularly the testimony at the February 3, and February 16, 2000 suppression hearing of the several officers who participated in the investigation, we find that the officers had sufficient information to give them reasonable suspicion of criminal activity to conduct the investigatory stop of defendant Shiefs vehicle. Further, on the showing made, we do not find that the evidence seized from defendant Shiefs vehicle or the residence at 3712 Delaney Street was improper. Finally, on the showing made, we do not find any violations of rights regarding the statements of defendants Shief and Temple.
Accordingly, the trial court did not abuse its discretion in denying defendants' motion to suppress the evidence or the statements of defendants. Therefore, defendants' applications for writs are hereby denied.
It is noted that defendant raises a different argument on appeal that was not raised in his writ application. In particular, in his application for supervisory writs, defendant argued that the initial stop of Shief's vehicle was not based on probable cause and, thus, the information used to obtain the search warrant for the home was illegally obtained. Defendant also argued the search warrant was insufficient because the reliability of the confidential informant was never established and the *705 information from the informant was not sufficiently corroborated. Defendant further argued that there was an illegal search of his home prior to the arrival of the search warrant. As such, defendant argued that the evidence should have been suppressed as fruits of the poisonous tree.
On appeal, the only issue defendant raises in connection with the denial of the motion to suppress was the warrantless entry into 3712 Delaney Street.
In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. State v. Rodriguez, 99-914 (La.App. 5 Cir. 1/25/00), 761 So.2d 14, 17, writ denied, 00-599 (La.4/7/00), 759 So.2d 765. The trial court is afforded great discretion when ruling on a motion to suppress and its ruling will not be disturbed absent an abuse of that discretion. In determining whether the ruling on a motion to suppress was correct, the court is not limited to the evidence adduced at the hearing on the motion, but may consider all pertinent evidence given at the trial of the case. State v. Washington, 00-1542 (La.App. 5 Cir. 2/14/01), 782 So.2d 639, 645.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Warrantless entries into private premises for arrest or seizure are invalid in the absence of exigent circumstances. The police need both probable cause to arrest or to search and exigent circumstances to justify a warrantless intrusion into private premises. State v. Welch, 449 So.2d 468, 470 (La. 1984). When probable cause exists, police entry into a residence under "exigent circumstances" is permitted as an exception to the warrant requirement. Id.
Exigent circumstances include imminent danger of the destruction of evidence, the need to prevent the defendant's escape, and the possibility of a violent confrontation which could cause injury to the officers and the public. State v. Hathaway, 411 So.2d 1074, 1079 (La.1982); State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 576.
There was more information presented at the hearing on the motion to suppress regarding the circumstances surrounding the entry into defendant's residence than presented at trial. In particular, at the hearing it was revealed that Sergeant Bruce Little received a tip from a confidential informant about an impending heroin delivery to New Orleans from a residence in Harvey. The confidential informant stated that defendant, a handicapped middle-aged black male who was confined to a wheelchair, was trafficking heroin from his residence at 3712 Delaney Street in Harvey. The informant indicated that defendant owned a white van and was assisted in deliveries by a second black male. He stated that the heroin delivery was going to take place sometime after 8:00 p.m.
As indicated above, Sergeant Little relayed this information to Agent Frank Horn, a narcotics detective with the Jefferson Parish Sheriff's Office, who in turn gave the information to his partner, Agent Salvador Castagnetta. Agent Castagnetta discussed the information with Sergeant Little and set up surveillance of the residence. Upon his arrival at the residence at approximately 8:15 p.m., Agent Castagnetta observed a white van parked at the residence and a handicap emblem on the garage. Approximately five minutes later, Agent Castagnetta observed a black male exit the residence and leave in a blue vehicle.
*706 After the vehicle was stopped, a two-way radio was found on the front passenger seat in the "on" position. The investigating officer, Detective Ballard, was concerned that the driver, Shief, had advised someone he was being stopped by the police. The police also learned from Shief that he had picked up the heroin from 3712 Delaney Street. Shief further confirmed that a handicapped black male lived in the residence.
Clearly, the police had probable cause to arrest defendant and to believe contraband was located inside the residence at 3712 Delaney Street. There was information from a confidential informant regarding a delivery of heroin that was to originate from the residence. The informant named defendant as the heroin distributor. Sergeant Little testified that the confidential informant had provided reliable information in the past that had led to the recovery of narcotics and an arrest. Additionally, the present information from the informant was corroborated. Deputy Castagnetta located the residence and confirmed the existence of a white van as indicated by the informant. Also, Deputy Castagnetta observed a handicap emblem which seemingly confirmed the existence of a handicapped individual at the residence. Further the driver of the vehicle himself indicated the heroin had come from 3712 Delaney Street.
Additionally, the police had exigent circumstances to justify a warrantless entry into the residence. The two-way radio found in Shief's vehicle was "on" and presented great concern to the police who believed Shief had advised someone he was being stopped by the police thereby giving the individual an opportunity to destroy evidence. The police testified that the purpose of entering and securing the residence was to insure no evidence was destroyed while a search warrant was being obtained. The need to preserve evidence, especially narcotics, has been recognized as an exigent circumstance because narcotics can be easily and quickly destroyed while a search is progressing and efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in narcotics traffic. State v. Wimberly, 588 So.2d 1343, 1347 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1333 (La.1992).
In summary, the police had justification to enter defendant's residence without a warrant based on probable cause to arrest defendant and to search the home. Further, we find exigent circumstances existed due to the reasonable belief any evidence would be destroyed before a search warrant could be obtained.
The remaining three assignments of error relate either directly or indirectly to sentencing and will be addressed in one discussion. After his conviction for possession of heroin with intent to distribute, defendant received the mandatory life sentence. In two assignments of error, defendant maintains his sentence is excessive and that the trial court erred in failing to articulate the factual basis for the sentence. However, defense counsel failed to file a motion to re-consider the sentence, or to orally object at the time of sentencing. The failure to file that motion is the subject of another assignment of error, which is defendant's assertion that he had ineffective assistance of counsel.
When a defendant fails to object to the sentence in the trial court, he is limited to a bare review of the sentence for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied in State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342.
Defendant, age 38, received a mandatory life sentence under LSA-R.S. 40:966(B)(1). Both the United States and *707 Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. If a trial judge finds that a mandatory sentence makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the court has the option and duty to reduce such a sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).[3]
Possession with intent to distribute heroin carries a mandatory life sentence. LSA-R.S. 40:966(B)(1). It is presumed that a mandatory minimum sentence is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. In fact, Louisiana courts have consistently held that a mandatory life sentence for possession with intent to distribute heroin is not constitutionally excessive. Richardson v. La. Dep't of Public Safety and Corrections, 627 So.2d 635, 637 (La.1993); State v. Jackson, 99-1368 (La.App. 5 Cir. 5/17/00), 762 So.2d 253, 257-258, writ denied, 00-1948 (La.9/21/01) 797 So.2d 60. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. Id.; State v. Neal, 00-41 (La.App. 5 Cir. 5/30/00), 762 So.2d 281, 286, writ denied, 00-2754 (La.6/15/01), 793 So.2d 1240. The burden is on the defendant to rebut the presumption of constitutionality by showing:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, supra, 709 So.2d at 676, quoting State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223. There must be substantial evidence to rebut the presumption of constitutionality. The "trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant." State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 927, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477. The Louisiana Supreme Court has cautioned that a departure downward from a mandatory minimum sentence should only be made in rare cases. State v. Johnson, supra, 709 So.2d at 677.
Defendant maintains that he had ineffective assistance of counsel because his trial counsel failed to file a motion to reconsider sentence. Defendant contends that his trial counsel's failure to move for reconsideration of sentence effectively waived his right to have his sentence reviewed on appeal. Generally, a claim of ineffective assistance of counsel is most *708 appropriately addressed through an application for post-conviction relief rather than direct appeal. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. However, when as in the instant case, the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, supra.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In order to show ineffective assistance of counsel, the defendant must demonstrate that 1) his attorney's performance was deficient, and 2) he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Serio, 94-131 (La.App. 5 Cir. 7/01/94), 641 So.2d 604, 607, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388. In order to show prejudice, the defendant must demonstrate that but for counsel's unprofessional conduct the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Soler, supra.
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. However, if a defendant can "show a reasonable probability that, but for counsel's error, his sentence would have been different," a basis for ineffective assistance claim may be found. State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 159, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450.
We recognize that, because no challenge was made to the sentence, the defendant did not offer any evidence to rebut the presumption that the mandatory sentence was justified. However, the evidence is sufficient in this case to show that there is no reasonable probability that, but for counsel's error, defendant's sentence would have been different. Given our finding that there was no error in sentencing, we find no merit in defendant's claim of ineffective assistance of counsel.
In the final assignment of error, defendant argues the trial court erred in allowing Waldon Shief to testify regarding evidence of other crimes, specifically drug transactions, in which defendant was allegedly involved. Defendant maintains that although he had notice of the State's intent to use evidence of other crimes, there was no Prieur[4] hearing regarding the admissibility of the other crimes evidence. Defendant contends the evidence of other crimes was so prejudicial that the trial court should have granted a mistrial. It is noted that although defense counsel objected to Shiefs testimony regarding other crimes, defense counsel did not move for a mistrial.
Ordinarily, evidence of other crimes or acts of misconduct is inadmissible. However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain exceptions to this rule. State v. Silguero, 608 *709 So.2d 627, 629 (La.1992); State v. Johnson, 98-604 (La.App. 5 Cir. 1/26/99), 728 So.2d 901, 911, writ denied, 99-0624 (La.6/25/99), 745 So.2d 1187. Evidence of other crimes may be used to show proof of motive, opportunity, intent, preparation, plan, knowledge, or identity. Other crimes evidence is also admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." LSA C.E. art. 404(B)(1); State v. Hayes, 98-485 (La.App. 5 Cir. 11/25/98), 726 So.2d 39, 44, writ denied, 99-0055 (La.5/7/99), 741 So.2d 29.
However, in order for evidence of other crimes or bad acts to be admissible for one of the purposes stated in Article 404(B), three additional requirements must be met. First, the enumerated purpose must be at issue, have some independent relevance, or be an element of the crime charged. Second, the probative value of the evidence must outweigh any prejudicial effect. Third, the requirements set forth in State v. Prieur, 277 So.2d 126 (La.1973) must be met. The Prieur requirements require the State to provide written notice of its intent to use other acts or crimes evidence and to describe the acts in sufficient detail. Additionally, Prieur requires the State to show that the evidence of other crimes is neither repetitive nor cumulative and is not being offered to show the defendant is of bad character. State v. Kennedy, 00-1554 (La.4/3/01), 803 So.2d 916 [2001 La. LEXIS 1035].
Regarding the first requirement, intent is an essential element of the crime of possession with intent to distribute heroin. Previous attempts to distribute may be considered in establishing intent. State v. White, 98-91 (La.App. 5 Cir. 6/30/98), 715 So.2d 714, 717, writ denied, 98-2043 (La.11/25/98), 729 So.2d 577. Thus, evidence of defendant's involvement in prior drug deliveries is clearly an exception to the general prohibition against evidence of other crimes.
Second, there is no indication the probative value of the evidence of defendant's past involvement in drug deals was outweighed by any prejudicial effect. Defendant argues the evidence of other crimes unduly swayed the jury in its determination of guilt because the jury viewed defendant as a "bad" person. Defendant also asserts the evidence of other crimes confused the jury and was a collateral issue which distracted the jury's attention from the main issue. It is unlikely either of these scenarios occurred because the trial judge gave the following limiting instruction to the jury immediately preceding the presentation of evidence of other crimes:
I'm going to advise you at this time that the witness may testify regarding the Defendant's involvement in the commission of other offenses other than what he is on trial today. This testimony is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is to show guilty knowledge, absence of mistake or accident, intent, system or motive. Remember, the accused is on trial only for the offense charged. You may not find him guilty of this offense merely because he might have committed another offense.
Regarding the third requirement, not every Prieur violation mandates reversal. State v. Pardon, 97-248 (La.App. 5 Cir. 10/15/97), 703 So.2d 50, 57, writ denied, 97-2892 (La.3/20/98), 715 So.2d 1207. Before a defendant can complain of a Prieur violation, he must first show prejudice. Id. In State v. Lee, 25,917 (La.App. 2 Cir. 5/4/94), 637 So.2d 656, 662, writ denied, 94-1451 (La.10/7/94), 644 So.2d 631, the *710 Second Circuit explained that "the rules of Prieur were not meant to be used as additional, technical procedures sacramental to a valid conviction" and noted that substantial compliance with Prieur is all that is required.
The record shows the State filed numerous notices of its intent to use other crimes evidence pursuant to LSA-C.E. art. 404(B), or Prieur. While it does not appear the trial court conducted a pre-trial hearing on the admissibility of other crimes evidence, it is clear defendant had abundant notice of the State's intent to use other crimes evidence.
We find the evidence of prior drug deliveries is permissible to show intent in the charged crime of possession with intent to distribute heroin. Defendant had adequate notice of the State's intent to use evidence of other crimes and has failed to show he was prejudice by the lack of a Prieur hearing regarding the admissibility of the other crimes evidence.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED
NOTES
[1] State v. Tobias, 00-K-342, (La.App 5 Cir. 4/19/00); State v. Temple, 00-K-864 (La. App.4/19/00).
[2] State v. Temple, 2000-KK-1292 (La.5/10/00), 761 So.2d 554.
[3] While Dorthey involved a mandatory sentence under the habitual offender laws, the sentence review principles espoused in Dorthey are applicable to mandatory sentences imposed by substantive criminal statutes. State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274; State v. Brown, 01-160 (La.App. 5 Cir. 5/30/01), 788 So.2d 667.
[4] State v. Prieur, 277 So.2d 126 (La.1973).