JjMcMANUS, J.
In this appeal, Crane appeals the sentence she received pursuant to her plea of guilty to one count of theft. Because the record of the multiple offender proceedings, though Crane’s multiple offender status seems to have been admitted as part of the plea bargain, are so deficient, we must remand the matter to allow the trial court to make another record of these proceedings.
STATEMENT OF THE CASE
Defendant, Bonnie Crane, was charged on February 22, 1999 in a bill of information with theft between $100.00 — $500.00 in violation of LSA-R.S. 14:67.10. She withdrew her not guilty plea and pled guilty to the charge on May 11, 2000.
On the same day, the State filed a multiple offender bill of information alleging defendant to be • a third felony offender based on her previous convictions for negligent homicide and theft between $100.00 — $500.00. Defendant stipulated to the multiple bill and was sentenced to two years at hard labor to be served consecutively “to any other sentence.”
Thereafter, also on the same day, defendant filed a Motion to Reconsider Sentence and a Motion to Correct Illegal Sentence both on the grounds the trial court imper-missibly imposed defendant’s sentence consecutive to any other sentence. In addition, defendant filed a Motion for Appeal. The trial court denied defendant’s Motion to Reconsider Sentence and set the Motion to Correct Illegal Sentence for a contradictory hearing. There is no ruling on the Motion to Correct Illegal Sentence contained in the appellate record and there is no indication whether any further action was taken on the motion.[1]
J^FACTS
At approximately 11:00 a.m. on February 9, 1999, defendant stole 12 disposable cameras and a pair of earrings from the K-Mart on Lapalco Boulevard in Marrero. In particular, she placed the items in a shopping cart of a male who pushed the cart to the front of the store. Defendant then placed the items, valued at $123.87, in her purse and walked out of the store without paying for them.
ASSIGNMENT OF ERROR NUMBER ONE
As her only assignment of error, defendant argues that the trial court imposed an illegal sentence.
*450 Defendant, asserts the consecutive nature of the sentence is illegal. She argues that at the time of sentencing she was not serving any other sentence and, therefore, the imposition of a consecutive sentence to “any other sentence” results in an illegally indetenninate sentence, since it must refer to any future sentence defendant may receive. The State responds that the issue is not properly reserved for appeal since defendant pled guilty and did not reserve her right to appeal under Crosby.[2] The State also argues that because there was no other sentence in existence at the time defendant was sentenced, defendant’s substantial rights have not been violated and, therefore, that portion of the sentence ordering it be consecutive to any other sentence is without effect. We agree with the State that Crane did clearly understand that the sentence to be imposed would be one served consecutively.
LSA-C.Cr.P. art. 881.2(A)(2) states that a defendant “cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was-set forth in the record at the time of the plea.”
In the present case, defendant pled guilty pursuant to a plea bargain and a waiver of rights form was executed in connection therewith. In the form, it was noted that defendant would receive a two-year sentence if she pled guilty to the theft charge. It was (¡¡further noted that the State would file a multiple offender bill of information alleging defendant to be a third felony offender. There was no discussion of the concurrent/consecutive nature of the sentence. During the colloquy on defendant’s guilty plea, the following exchange occurred:
Court:
Have you been advised by your attorney that in the event I accept this plea that you’ll be sentenced as follows: Two years at hard labor with the Department of Corrections, that the district attorney will file a multiple bill of information pursuant to La.R.S. 15:529.1 charging you as a third offender and that the plea, excuse me, that the sentence I’m about to impose upon you, all right, will run consecutive to any other sentence that you may have to serve. You understand that?
Defense Counsel:
Judge, she understands that. Pursuant to the bench conference I had indicated she is currently not serving another sentence. She has not been sentenced out of St. Tammany Parish and an order of consecutive time would, in fact, be an illegal sentence.
Court:
I understand that and I also understand as per your observation at the bench that the last judge to sentence this lady, which apparently may not be me, will make the ultimate decision as to concurrent or consecutive.
Defense Counsel:
That would be correct, Your Honor. We understand the imposition by the Court of the consecutive time. I would just point out that that is not part of any plea agreement.
(R., pp. 46-47).
The trial court then sentenced defendant as follows:
It is the sentence of this Court that you be remanded to the custody of the Department of Corrections, therewith to serve two years at hard labor.
*451 Even though this may be an illegal sentence, it shall be consecutive to any other sentence.
We are satisfied that defendant voluntarily entered a guilty plea knowing the consecutive nature of the sentence. And, it does not appear defendant adequately preserved her right to appeal this condition of any sentence imposed. Although defense counsel advised the trial court that he believed the consecutive nature of the sentence was illegal, no objection was lodged either before the court accepted the guilty plea or after the sentence was imposed. Defendant, therefore, did acquiesce in the plea agreement that was set forth in the record, specifically the consecutive nature of the sentence, and we cannot now disturb this condition of her plea bargain.
We do note, however, that a consecutive sentence is an option only when a defendant is serving another sentence, or at least has another executory sentence pending. It is within the trial judge’s discretion to direct that “other” sentences be served consecutively. LSA-C.Cr.P. art. 888. However, this discretion not unfettered and it does not supersede the trial judge’s duty to impose a determinate sentence. LSA-C.Cr.P. art. 879.
Therefore, because we must vacate the multiple offender proceedings in this matter, pursuant to the patent error discussion below, we simply caution the trial judge that the sentence to be imposed must be determinate. While it must conform to the original plea agreement, the record must also show, in order to support any consecutive sentence, that there has been another sentence imposed and execu-tory.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Before we discuss our patent error review, we must acknowledge recent guidelines limiting patent error review in appeals arising from multiple offender proceedings. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. However, the record in the instant matter is confusing to such a degree that we can’t determine with certainty that defendant was sentenced pursuant to a multiple offender conviction.
A multiple bill of information was filed against defendant and defendant | sStipulated to the allegations contained therein. However, the record does not indicate that defendant was advised of her right to a trial and right to remain silent in connection with the multiple bill as required by LSA-R.S. 15:529.1(D)(l)(a). The failure of a defendant to be advised these rights, by either the court or his attorney, before entering a guilty plea to the multiple bill is reversible error. State v. Hopson, 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767.
After the trial court accepted defendant’s guilty plea to the theft charge, the State indicated that it was filing a multiple bill of information alleging defendant to be a third felony offender. The State then specifically stated the charges upon which the multiple bill was based. Immediately thereafter, defense counsel advised that defendant stipulated to the multiple bill. The trial court then sentenced defendant.
However, it is unclear whether the trial court accepted defendant’s stipulation to the multiple bill. The trial court never specifically found defendant to be a multiple offender. And, defendant’s two-year sentence is within the sentencing range for both a third felony offender pursuant to *452 LSA-R.S. l{5:529.1(A)(l)(b)(i) and a theft conviction under LSA-R.S. 14:67.10(B)(2). The discussion between the trial court and defense counsel after the stipulation and before sentencing suggests the trial court in fact considered defendant to be a third felony multiple offender. In particular, the trial court inquired into a possible four-year sentence which is the maximum sentence under the multiple offender laws for a third felony offender.
Also, because defendant’s sentence falls within the sentencing range for both a theft conviction and a third felony offender, it is unclear whether the trial court even imposed an enhanced sentence under LSA-R.S. 15:529.1(A)(l)(b)(i). The transcript reveals only one sentence. Of some note, the sentence was not imposed without benefit of probation or suspension of sentence which is mandated under the Habitual Offender Laws, LSA-R.S. 15:529.1(G).[3] Thus, it appears the trial court either imposed the twoj^ear6 sentence as the original sentence on the theft conviction or imposed the two-year sentence as an enhanced sentence based on defendant’s multiple offender status.[4]
And finally, assuming the trial court accepted defendant’s stipulation to the multiple bill and sentenced defendant as a multiple offender, defendant was never advised of her rights to be tried and to remain silent in connection with the multiple bill.[5]
As can be seen, the record under review is so infirm that we can’t identify with certainty the nature of the proceeding we are reviewing. Therefore, we have no option but to remand this matter for the trial judge to conduct the multiple offender proceedings in their entirety so that the record will clearly show that formalities applicable are adhered to and so that we are able determine the actual basis for defendant’s sentence. State v. Celestine, 98-1166 (La.App. 5 Cir. 3/30/99), 735 So.2d 109, writ denied, 99-1217 (La.10/8/99), 750 So.2d 178.
We note additionally that there are inconsistencies between the transcript and the minute entry. However, since we remand the matter for the trial judge to conduct the multiple offender proceedings anew, these discrepancies are of no consequence.
Therefore, for the above reasons, this matter is remanded for the trial judge to again conduct the multiple offender proceedings consistent with the original plea bargain agreement.
*453 REMANDED FOR REHEARING OF MULTIPLE OFFENDER PROCEEDINGS.

. This fact does not appear to prevent appellate review. LSA-C.Cr.P. art. 882 states that the trial court or the appellate court may correct an illegal sentence at any time. In State v. Parker, 581 So.2d 314 (La.App. 1 Cir.1991), the First Circuit noted that an illegal sentence can be corrected by the trial court at any time, even after the entering of an order of appeal.

. State v. Crosby, 338 So.2d 584 (La.1976).

. The failure to impose an enhanced sentence without benefit of probation or suspension of sentence is harmless where the trial court did not affirmatively suspend any portion of sentence or impose any probationary period. State v. Francis, 98-811 (La.App. 5 Cir. 1/26/99), 727 So.2d 1235, writ denied, 99-671 (La.6/25/99), 746 So.2d 597. In this case, the trial court did not grant probation or suspend any portion of defendant's sentence. However, we are unable to safely say that any error here was harmless: as noted, we cannot say with certainty that the trial court imposed an enhanced sentence.

. It is noted that the failure to impose an original sentence before a multiple offender adjudication is not error since the original sentence would be vacated upon the defendant’s sentencing as a multiple offender. State v. Brooks, 00-160 (La.App. 5 Cir. 9/27/00), 769 So.2d 1242.

.Of some note, the Waiver of Rights form defendant executed in connection with her guilty plea to the theft charge referenced the multiple bill. In particular, it noted that the State was going to file a multiple bill of information charging defendant as a third felony offender and advised that the maximum sentence she could recei’ e was four years as a multiple offender. However, the plea form also clearly indicates that she was pleading guilty to the theft charge only.