831 So.2d 354 (2002)
STATE of Louisiana,
v.
Beverly A. STOKES.
No. 02-KA-339.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2002.
*355 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for State.
Bruce G. Whittaker, New Orleans, LA, for defendant-appellant.
Court composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and HENRY G. SULLIVAN, JR., Pro Tempore.
CLARENCE E. McMANUS, Judge.
Defendant, Beverly Stokes, contends his trial counsel was ineffective for failing to move to sever one count of the indictment from the other. For the following reasons, we affirm.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
One day in early August 2001, at approximately 6:30 p.m., Deputies Antonio Frere and Kevin Balser went to 608 South *356 Upland in Kenner and knocked on the door of Apartment 10 identifying themselves as deputies with the Jefferson Parish Sheriff's Office. Defendant who, according to the deputies, was sitting on the bed inside the room opened the door. The deputies observed defendant holding a ceramic plate with three clear plastic bags containing approximately 20 grams of crack cocaine. On the bed, in plain view, Deputy Frere observed another 3.0 grams of cocaine, a .38 revolver, plastic bags and an electronic scale commonly used in packaging narcotics. Upon observing the illegal contraband, the deputies arrested defendant and Denise Bush, who was seated on a chair next to the bed. A search warrant was subsequently obtained for the room. During the search, the police found a Rubbermaid container under the covers of the bed containing approximately 37 grams of cocaine and a .22 pistol hidden behind the television.
Defendant, Beverly Stokes, was charged in a bill of information on August 17, 2001 with possession of cocaine over 28 grams in violation of LSA-R.S. 40:967(F) and felon in possession of a firearm in violation of LSA-R.S. 14:95.1. He pled not guilty and filed several pre-trial motions including a motion to suppress the evidence. The record does not show a ruling on the motion to suppress. Nonetheless, defendant proceeded to trial on January 15, 2002. After a one-day trial, a 12-person jury found defendant guilty as charged on both counts. He was sentenced to 15 years for his possession of cocaine over 28 grams conviction and ten years for his felon in possession of a firearm conviction. Both sentences were ordered to be served without the benefit of parole, probation or suspension of sentence and were ordered to run concurrently. The State subsequently filed a multiple offender bill of information alleging defendant to be a second felony offender based on a 1999 conviction for possession of cocaine to which defendant stipulated. The trial court vacated defendant's original 15 year sentence on count one and resentenced defendant under LSA-R.S. 15:529.1 to 15 years without the benefit of probation or suspension of sentence.

DISCUSSION
Defendant argues he received ineffective assistance of counsel when his trial counsel failed to move to sever the two counts against him. He asserts he suffered prejudice because the two counts were tried together. In particular, he notes that he stipulated to the predicate offense of possession of cocaine in connection with the felon in possession of a firearm charge. He claims this stipulation, that he had a prior conviction for possession of cocaine, caused the jurors to prejudge his guilt on the current possession of cocaine charge and made it a foregone conclusion that the jury would believe he once again possessed cocaine.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than direct appeal. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993) State v. McIntyre, supra. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LSA-C.Cr.P. arts. 924-930.8. State v. *357 Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095. Based on the record before us, we decline to address this claim because it is more properly addressed through an application for post-conviction relief.
As requested by defendant, the record was reviewed for errors patent, according to LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The following matters are presented for review: First, it is noted that there was no ruling on defendant's motion for new trial until after he was sentenced on count one, possession of cocaine. Defendant filed his motion for new trial after his conviction on both counts but before sentencing. Immediately after the trial court sentenced defendant on count one, defense counsel advised the trial court there was a pending motion for new trial. The trial court then denied defendant's motion for new trial. Thereafter, the trial court accepted defendant's stipulation to the multiple bill at which time defendant waived sentencing delays. The trial court vacated defendant's original sentence on count one and imposed an enhanced sentence under LSA R.S. 15:529.1. The trial court also imposed sentence on count two, felon in possession of a firearm. LSA C.Cr.P. art. 853 requires that a motion for new trial be disposed of before sentence. State v. Brooks, 00-106 (La.App. 5 Cir. 9/27/00), 769 So.2d 1242, 1246. Additionally, LSA C.Cr.P. art. 873 requires a 24 hour delay between a ruling on a motion for new trial and the imposition of sentence. This Court has held that where a defendant is sentenced prior to a ruling on a motion for new trial, the sentence must be set aside and the case remanded for a ruling on the motion and then resentencing. In the present case, defendant was sentenced on count one before the trial court ruled on his motion for new trial. However, defendant's sentence on count one was subsequently vacated after he was found to be a multiple offender. Therefore, any error relating to the original sentence on count one is harmless. Also, since defendant expressly waived sentencing delays after the trial court ruled on his motion for new trial and before he was sentenced on count two, there is no error.
Second, it is noted defendant received an illegally lenient sentence. The trial court imposed defendant's enhanced sentence without the benefit of probation or suspension of sentence. However, the underlying offense, possession of cocaine over 28 grams, requires the sentence be imposed without the benefit of parole, probation or suspension of sentence. When a defendant is sentenced as a habitual offender, the penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute. Since possession of cocaine requires the sentence be imposed without benefit of parole, probation or suspension of sentence, the trial court should have restricted parole eligibility when sentencing defendant as a multiple offender. However, the matter does not need to be remanded for correction because under State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the without benefits provision of a statute is self-activating. See, State v. Esteen, 01-879 (La.App. 5 Cir. 5/15/02), 821 So.2d 60.
AFFIRMED.