SUSAN M. CHEHARDY, Chief Judge.
12Pefendant, Sean Griffin, is appealing his convictions for second degree murder and attempted felon in possession of a firearm. For the following reasons, we vacate defendant’s sentences and remand the matter to the trial court for further proceedings.

Jurisdictional Issue

This matter was tried on May 8 and 9, 2013. At the conclusion of trial, the twelve-person jury found defendant guilty as charged of second degree murder and the responsive verdict of attempted felon in possession of a firearm. On May 16, 2013, defendant filed a pro se motion for appeal, which was granted on May 17, 2013.
*91 Thereafter, defendant filed a counseled motion for a new trial and motion for post-verdict judgment of acquittal, which the trial court heard and denied on June 24, 2013. Finally, on June 24, 2013, the trial court sentenced defendant to life imprisonment at hard labor for second degree murder, and seven years, six months imprisonment at hard labor for attempted possession of a firearm by a convicted felon.
|,.¡Pursuant to La.C.Cr.P. art. 916,[1] a trial court is divested of jurisdiction upon the granting of a defendant’s motion for an appeal. State v. Johnson, 13-75 (La.App. 5 Cir. 10/9/13), 128 So.3d 325, 327. Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include imposing sentence, except an enhanced sentence pursuant to La. R.S. 15:529.1. See La.C.Cr.P. art. 916. Thus, after the trial court granted defendant’s pro se motion for appeal on May 17, 2013, the trial court was divested of jurisdiction to sentence defendant or to rule on defendant’s subsequently-filed post-trial motions. See, State v. Johnson, supra.
This ease is factually different from the long line of jurisprudence that holds that a prematurely-filed motion for appeal is “cured” when the motion is subsequently granted after sentencing. See, State v. Enclard, 03-283 (La.App. 5 Cir. 6/19/03), 850 So.2d 845, 848, n. 3 (finding the defendant’s prematurely filed motion for an appeal was cured when his appeal was granted after he was sentenced); State v. Hayes, 01-736 (La.App. 5 Cir. 12/26/01), 806 So.2d 816, 818, n. 2, writ denied, 02-0263 (La.10/25/02), 827 So.2d 1169 (also finding the defendant’s prematurely filed motion for an appeal was cured when his appeal was granted after he was sentenced). In cases such as these, the trial court may sentence a defendant then grant the motion for appeal, because it has not divested itself of jurisdiction. However, in our case, the trial court granted the defendant’s |4motion for appeal before there was a final judgment, i.e., a sentence, for the defendant to appeal. See, La.C.Cr.P. art. 912(A) and (C). Consequently, the trial judge was without jurisdiction to impose sentence and we are constrained to vacate the sentences imposed on defendant and remand this matter to the trial court to rule on defendant’s post-trial motions, and, if denied, to re-sentence defendant.[2]

Conclusion

For the foregoing reasons, we vacate defendant’s sentences and remand this matter to the trial court to rule on defendant’s post-trial motions, and, if denied, to re-sentence defendant. Further, once de *92 fendant has been sentenced, he has the right to appeal his convictions and sentences under La.C.Cr.P. art. 912 et seq.

SENTENCES VACATED; MATTER REMANDED

.La.C.Cr.P. art. 916 provides that, once the trial court enters the order of appeal and is divested of jurisdiction, it only has authority to take certain actions as provided by law, including:
1. Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
2. Correct an error or deficiency in the record.
3. Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
4. Take all action concerning bail permitted by Title VIII.
5. Furnish per curiam comments.
6. Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
7. Impose the penalty provided by Article 844.
8. Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

. Under the circumstances of this case, we pretermit discussion of defendant's assignments of error.