HANS J. LILJEBERG, Judge.
| ^Defendant, Brandon Robinson, appeals his convictions and sentences for two counts of distribution of cocaine. For the following reasons, we affirm defendant’s convictions, vacate his sentences, and remand the matter to the trial court for further proceedings.

PROCEDURAL HISTORY

On April 24, 2013, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Brandon Robinson, with two counts of distribution of cocaine, in violation of La. R.S. *795 40:967(A). Defendant pled not guilty at arraignment and thereafter filed several pre-trial motions. Trial was held on February 18 and 19, 2014, at the conclusion of which he was found guilty as charged on both counts.
|30n March 12, 2014, defendant was sentenced to ten years with the Department of Corrections on each count, to run concurrently, without the benefit of probation, parole or suspension of sentence for the first two years of each sentence. The State filed a multiple bill of information alleging defendant to be a third felony offender, to which defendant stipulated. At that time, the trial court vacated defendant’s original sentence on count one and resentenced him to 15 years at hard labor without the benefit of parole, probation, or suspension of sentence, to run concurrently with the sentence imposed on count two. Thereafter, the court granted defendant’s motion for appeal and took up defendant’s motion for new trial,[1] which was denied. On May 27, 2014, defendant’s enhanced sentence on count one was vacated, as the trial court found that it was illegally lenient, and the court resentenced defendant under the provisions of La. R.S. 15:529.1 to 20 years at hard labor. Defendant appeals.

FACTS

In November and December of 2012, the Kenner Police Department was conducting a narcotics investigation, known as a “video buy operation,” under circumstances where a confidential informant (Cl) works together with an undercover officer. Typically, the Cl would introduce the undercover officer, who was wired with a camera, to the individual being targeted. An exchange of money for drugs would be made and then the Cl and officer would leave the area. One of the targets of this investigation was defendant, Brandon Robinson.
At trial, Detective Travis Thomas testified that he is employed by the St. John Parish Sheriffs Office, and he works in the Narcotics Bureau. In November and December of 2012, Thomas was assigned to work in an undercover capacity |4with the Kenner Police Department for the purpose of making narcotics purchases from known “drug violators” in the area.
On November 20, 2012, Thomas participated in a narcotics transaction that ultimately led to defendant’s arrest. At trial, the detective recounted how he rode with a Cl who had made a phone call to defendant in order to arrange the purchase of one hundred dollars worth of crack cocaine. Following the phone call, the Cl told Thomas where to go in the undercover police .vehicle, which was equipped with video cameras and an audio recording device. Ultimately, Thomas and the Cl met with defendant at a location in the 300 block of Duke Street in Kenner. When they arrived at the location, Thomas observed “a black male subject wearing a light colored sweater, jeans, and a baseball cap.” At that time, the Cl recognized defendant and informed Thomas that the individual was Brandon Robinson. Thomas had never seen defendant prior to that day. Defendant motioned for Thomas to drive a little further down the road. Defendant then ' approached the front passenger’s side window of the undercover vehicle and a brief conversation ensued between the Cl and defendant. At that time, defendant reached through the front passenger window and handed Thomas the crack cocaine. In turn, *796 Thomas handed defendant one hundred dollars. The transaction was captured on the video system in the undercover car, and the video was shown to the jury at trial.
Detective Robert Wimberly, who was the case agent for the investigation on November 20, 2012, prepared a photographic lineup of six photos, including a photo of defendant. Thomas identified defendant from the lineup as the individual who sold him the crack cocaine on November 20, 2012.
Detective Thomas further testified that he encountered defendant a second time during the Kenner Police Department’s undercover investigation, on December 10, 2012, when Thomas participated in another purchase of narcotics. lsThomas explained that, using the same Cl from his previous purchase from defendant, a meeting was arranged at an apartment complex on Clemson St. Upon arrival at approximately 4:16 p.m., an individual later identified as defendant motioned for Thomas to walk in the alleyway between two apartments. Defendant told Thomas that he “left the stuff on the window sill.” At that time, Thomas continued to walk toward defendant, and defendant then turned and began to walk away before stopping and pointing at what had been left on the window sill. Thomas found cocaine on the window sill, and defendant instructed him to drop the money on the ground, which Thomas did before leaving the area.
Audio and video equipment was on Thomas’ person at the time of the transaction with defendant on December 10, 2012. The video camera captured the encounter with defendant on that date, and the jury viewed the video at trial. On cross-examination, Thomas was asked why the video did not show the “actual transaction” of defendant placing the contraband on the window and Thomas dropping the money on the ground. Thomas explained that the angle of the camera did not pick it up.
Donna Quintanilla of the Jefferson Parish Sheriffs Office was accepted as an expert in the area of latent print processing and comparison. At trial, Quintanilla identified a ten-print fingerprint card containing the fingerprints of defendant that she had taken the day before. Through fingerprint analysis and comparison, Ms. Quintanilla was able to determine that defendant was the same person who pled guilty in 2007 to distribution of cocaine within one thousand feet of a posted drug-free zone, in violation of La. R.S. 40:981.8.

LAW AND DISCUSSION

In his first assignment, defendant contends that the trial court erred in allowing the State to use evidence of his 2007 conviction for distribution of |ficocaine for the purported reason of establishing defendant’s identity for the instant offense. Defendant asserts that the prejudicial effect of this evidence far outweighed its probative value, and that the “only way the prior convictions were relevant would be to show [defendant] as a bad man, who most likely committed this crime.”
The State responds that the evidence of relator’s prior convictions for drug distribution was relevant to the instant offense and that any prejudice to defendant was outweighed by its probative value. The State also points out that the evidence at issue was only admitted after notice was provided to defendant and a hearing was held regarding the admissibility of the evidence.
On November 26, 2013, the State filed a “Notice of Intent to Use Evidence of Other Crimes Evidence,” pursuant to State v. Prieur, 277 So.2d 126 (La.1973), seeking to introduce evidence at trial of defendant’s 2007 conviction for distribution of cocaine within 1,000 feet of a posted drug-free *797 zone, in violation of La. R.S. 40:981.3. The State indicated that it planned to introduce this prior conviction “in order to prove that this specific defendant had the intent, preparation, knowledge, identity, and absence of mistake or accident in intending to distribute the cocaine” in this case.
The trial court conducted a hearing on the issue on February 18, 2014. At the conclusion of the hearing, the trial court ordered that the State would be allowed to introduce this other crimes evidence at trial, finding that the evidence was admissible for the State’s stated purpose of showing defendant’s “intent, preparation, knowledge, identity, mistake of absence [sic] or accident.” The Court also noted that it would give a limiting instruction to the jury as to the proper use of this evidence. At trial, evidence of defendant’s prior conviction for distribution |7of cocaine within 1,000 feet of a drug-free zone was introduced during the testimony of Donna Quintanilla.
In Louisiana, evidence of other crimes, wrongs, or acts is not admissible to prove that the accused committed the charged crime because he committed another crime in the past or to show that he committed the crime in question because he is a person of criminal character. State v. Altenberger, 13-2518, p. 7 (La.4/11/14), 139 So.3d 510, 515. However, evidence of other crimes is admissible if the State establishes an independent and relevant reason for its admission. Id.
La. C.E. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
While still prohibiting the State from introducing evidence of other crimes, wrongs, or acts to show a probability the accused committed the charged crime because he is a person of criminal or bad character, the rule articulated in La. C.E. art. 404(B)(1) allows admission for other purposes, ie., to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. Altenberger, 13-2518 at 8, 139 So.3d at 515. The trial court determines the independent relevancy of such evidence and balances its probative value against its prejudicial effect. La. C.E. art. 403; Huddleston v. United States, 485 U.S. 681, 690-91, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988).
IsThe burden is on the defendant to show that he was prejudiced by the trial court’s admission of Prieur evidence. State v. Temple, 01-655, p. 20 (La.App. 5 Cir. 12/12/01), 806 So.2d 697, 709, writ denied, 02-0234 (La.1/31/03), 836 So.2d 58. Absent an abuse of discretion, a trial court’s ruling on the admissibility of evidence pursuant to La. C.E. art 404(B)(1) will not be disturbed. State v. Williams, 02-645, p. 16 (La.App. 5 Cir. 11/26/02), 833 So.2d 497, 507, writ denied, 02-3182 (La.4/25/03), 842 So.2d 398.
In State v. Temple, the defendant argued that the admission of evidence of his *798 previous involvement with drug deals was outweighed by its prejudicial effect because the evidence “unduly swayed the jury in its determination of guilt because the jury viewed defendant as a ‘bad’ person.” Temple, 01-655 at 19-20, 806 So.2d at 709. The defendant further argued that the other crimes evidence “confused the jury and was a collateral issue which distracted the jury’s attention from the main issue.” Id. This Court found these scenarios unlikely, however, based upon the following limiting instruction given by the trial judge immediately preceding the presentation of other crimes evidence:
I’m going to advise you at this time that the witness may testify regarding the Defendant’s involvement in the commission of other offenses other than what he is on trial today. This testimony is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is to show guilty knowledge, absence of mistake or accident, intent, system or motive. Remember, the accused is on trial only for the offense charged. You may not find him guilty of this offense merely because he might have committed another offense.
Temple, 01-655 at 20, 806 So.2d at 709.
In the instant case, the trial court gave a similar limiting instruction to the jury prior to the introduction of evidence pertaining to defendant’s previous convictions, as follows:
| ^Evidence that the defendant was involved in the commission of [an] offense(s) for which he is not on trial is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is whether it tends to show: knowledge, preparation, absence of mistake or accident, the defendant’s intent, system, motive, or identity.
Remember the accused is on trial only for the offense(s) charged. You may not find him guilty of this offense merely because he may have committed another offense.
Defendant claims that he suffered “unfair prejudice” by the admission of the evidence pertaining to his 2007 conviction for distribution of cocaine. However, based on our review of the record and the applicable law, we cannot say that the trial court abused its discretion by admitting this other crimes evidence.
Moreover, even if the trial court had erred by admitting this evidence, we would find no reason to overturn defendant’s convictions. The introduction of other crimes evidence is subject to a harmless- error analysis. State v. Lagarde, 07-288, p. 18 (La.App. 5 Cir. 10/30/07), 970 So.2d 1111, 1123; State v. Jones, 08-20, p. 13 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 244. An error is harmless when the verdict is “surely unattributable to the error.” State v. Nelson, 02-65, p. 11 (La.App. 5 Cir. 6/26/02), 822 So.2d 796, 805, writ denied, 02-2090 (La.2/21/03), 837 So.2d 627. In the present case, in addition to the limiting instruction provided to the jury, the State presented substantial evidence of defendant’s guilt. Accordingly, the jury’s verdict was surely unattributable to any error in the admission of the other crimes evidence. Thus, we find no merit in defendant’s first assignment of error.
In defendant’s second and third assignments of error, he asserts that his twenty-year sentence is unconstitutionally excessive and that his trial counsel was ineffective for failing to file a Motion to Reconsider Sentence. However, we find | inthat these issues are moot, as there is an error patent that requires vacating defendant’s *799 sentences and remanding the matter for resentencing.[2]
The record indicates that on March 10, 2014, counsel for defendant filed a motion for new trial and a motion for appeal. On March 12,. 2014, the trial court imposed defendant’s original and multiple offender sentences, then granted and signed defendant’s motion for appeal in open court,[3] and subsequently denied defendant’s motion for new trial. On May 27, 2014, the trial court resentenced defendant to 20 years at hard labor under the provisions of the multiple offender statute, La. R.S. 15:529.1, because defendant’s previous multiple offender sentence was illegally lenient.
At the hearing on March 12, 2014, the trial court granted and signed defendant’s motion for appeal before ruling on his motion for new trial. The trial court did not have jurisdiction to rule on defendant’s motion for new trial, because a trial court is divested of jurisdiction upon granting the defendant’s motion for appeal. La.C.Cr.P. art. 916; State v. Griffin, 13-701, p. 3 (La.App. 5 Cir. 3/12/14), 138 So.3d 90, 91; State v. Lampkin, 12-391 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, 162, writ denied, 13-2303 (La.5/23/14), 140 So.3d 717; State v. Sims, 09-509, p. 5 (La.App. 5 Cir. 2/12/10), 33 So.3d 340, 343, writ denied, 10-0596 (La.10/8/10), 46 So.3d 1264. Once the trial court is divested of jurisdiction, it may take certain specified actions, none of which include ruling on a motion for new trial. La.C.Cr.P. art. 916; State v. Johnson, 13-75, p. 6 (La.App. 5 Cir. 10/9/13), 128 So.3d 325, 329; Griffin, 13-701 at 3, 138 So.3d at 91; accord, State v. Brown, 451 So.2d 1074, 1078 (La.1984) (holding that once a case is appealed, the trial court is without jurisdiction to entertain a motion for new trial unless the case is remanded to that court for that purpose).
Because the trial court did not have jurisdiction to rule on the merits of defendant’s motion for new trial, the trial court’s ruling denying the motion for new trial is a nullity. Thus, defendant’s motion for new trial remains outstanding.[4]
La.C.Cr.P. art. 853 mandates, in relevant part that a “motion for a new trial must be filed and disposed of before sentence.” See also State v. Williams, 09-82, p. 4 (La.App. 5 Cir. 12/29/09), 30 So.3d 975, 976. This Court has routinely held that *800 the trial court’s failure to rule on the merits of a motion for new trial prior to sentencing constitutes an error patent on the face of the record, requiring that the sentence be vacated and the case be remanded. State v. Pineyro, 93-765 (La.App. 5 Cir. 1/25/94), 631 So.2d 1203, 1206; State v. Williams, 11-65, p. 3 (La.App. 5 Cir. 12/13/11), 81 So.3d 908, 909; State v. Munson, 11-54, p. 4 (La.App. 5 Cir. 11/15/11), 78 So.3d 290, 292; State v. Morgan, 06-529, pp. 11-12 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 207; State v. Stec, 99-633, p. 11 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 790. Other Louisiana courts have also held the same. See State v. Camou, 633 So.2d 357, 358 (La.App. 1 Cir.1993); State v. Leonard, 99-800, p. 2 (La.App. 3 Cir. 2/2/00), 758 So.2d 238, 239-240; State v. Lambert, 98-730 (La.App. 4 Cir. 11/17/99), 749 So.2d 739, 748, writ denied, 00-1346 (La.1/26/01), 781 So.2d 1258.
We are mindful of the jurisprudence holding that when the trial court has ruled on ■ a motion for new trial after original sentencing but before sentencing as a |12multiple offender, the failure to rule on the motion for new trial before original sentencing was cured, as the original sentence was vacated as a result of the multiple offender adjudication. See State v. Stokes, 02-339, p. 3 (La.App. 5 Cir. 10/16/02), 831 So.2d 354, 357 writ denied, 03-2750 (La.11/8/04), 885 So.2d 1127; See also State v. Melancon, 01-1656, p. 3 (La.App. 4 Cir. 8/21/02), 826 So.2d 633, 636, writ denied, 02-2407 (La.3/21/03), 840 So.2d 547. However, in the present case, although the trial court ruled on the motion for new trial before defendant’s re-sentencing as a multiple offender, we have found that the ruling on the motion for new trial is a nullity as it was rendered without jurisdiction. Accordingly, the failure to rule on the motion for new trial before sentencing was never cured.
Considering the circumstances of this case, we must vacate defendant’s original and multiple offender sentences and remand this matter to the trial court to rule on defendant’s motion for new trial. If the trial court denies the motion for new trial, the trial court is ordered to resen-tence defendant in accordance with La. C.Cr.P. art. 873. Based on this decision, we find that defendant’s second and third assignments of error are moot.

ERRORS PATENT

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). One error requiring corrective action was noted.
The minute entry from the second day of trial, February 19, 2014, reflects that 12 jurors and an alternate juror were selected. However, it also indicates that after closing arguments, the alternate juror was discharged and nine jurors retired to deliberate. The polling slips submitted into evidence reveal that 12 jurors actually deliberated and properly reached a verdict. Accordingly, we order the trial |13court to correct the February 19, 2014 minute entry to reflect that 12 jurors retired to deliberate.

DECREE

For the foregoing reasons, we affirm defendant’s convictions. We vacate defendant’s original and multiple offender sentences, and we remand to the trial court to rule on defendant’s motion for new trial, and, if denied, to resentence defendant. In the event that defendant’s motion for new trial is denied, upon resentencing, we reserve defendant’s right to appeal his sentences. We further order the trial court to correct the February 19, 2014 minute entry.

*801
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED.

WICKER, J., concurs with reasons.

. See discussion, infra, regarding the trial court's error in not considering the motion for new trial until after sentencing and after the motion for appeal was granted. The motion for new trial was timely filed on March 10, 2014.

. Both the State and defendant have noted that there is an error patent regarding the timing of the trial court’s ruling on the motion for new trial.

. After he imposed defendant’s original sentences on counts one and two, accepted defendant’s stipulation to the multiple bill, and resentenced defendant as a multiple offender, the trial judge stated, "at this time, the Court is going to sign the defendant’s motion, the defendant’s counsel’s motion for appeal. The Court is also going to file the defendant’s motion for a new trial. Counsel, if you want to hear that motion now, we can hear that motion now....” Defense counsel indicated that he wished to have the motion for new ■trial heard at that time. After hearing arguments on the motion, the trial court then denied defendant’s motion for new trial. It is noted that, as previously stated, the motion for new trial was timely filed on March 10, 2014. Thus, it was not actually filed during the hearing, as indicated by the trial judge.

. We note that the Louisiana Fourth Circuit in State v. Robinson, 98-0005 (La.App. 4 Cir. 9/29/99), 743 So.2d 814, 815-16, found harmless error in the denied of a motion for new trial after the trial court was divested of jurisdiction, because the defendant did not raise the denial of his motion for new trial on appeal. However, in Robinson, the motion for new trial was untimely, as it was filed after sentencing. In our view, the law is clear that once a motion for appeal is granted, the trial court has no jurisdiction to rule on a motion for new trial. See State v. Johnson, supra.