HANS J. LILJEBERG, Judge.
| ¿This is the second appeal filed by defendant, Brandon Robinson. Defendant was convicted on two counts of distribution of cocaine in violation of La. R.S. 40:967(A). In this appeal, he argues his sentence on Count 1 is unconstitutionally excessive, and further notes the trial court failed to sentence him on Count 2 following remand from this Court. For the following reasons, we affirm defendant’s sentence on Count 1 and remand this matter to the trial court for sentencing on Count 2.

*1271
FACTUAL AND PROCEDURAL BACKGROUND

In defendant’s first appeal, this Court affirmed defendant’s convictions on two counts of distribution of cocaine. State v. Robinson, 14-453 (La.App. 5 Cir. 12/23/14), 167 So.3d 793. We also vacated defendant’s 20-year sentence on a third offender multiple bill on Count 1, as well as his 10-year sentence on Count 2, because the trial court failed to rule on defendant’s pending motion for new trial pri- or to sentencing. Therefore, we remanded the case to the trial court to rule on | sthe motion for new trial arid resentence defendant in the event it denied the motion. Id. at 800. We also reserved defendant’s right to appeal these sentences. Id.
On January 26, 2015, the trial court denied defendant’s' motion for new trial and set the matter for sentencing on February 5, 2015, to allow defendant time to negotiate á sentence with the district attorney’s office.[1] On February 5, 2015, defense counsel indicated that if the district attorney’s office agreed to reduce the triple bill to a double bill, her client would stipulate to a 15-year sentence. The district attorney filed a new multiple offender bill with'respect to Count 1, which alleged defendant was a second felony offender under La. R.S. 15:529.1, and defendant enteréd a guilty plea to this multiple offender bill. The trial court sentenced defendant to 15 years in the Department of Corrections in accordance with La. R.S. 15:529.1 on Count 1. The trial court ran this sentence concurrently with the sentence in Count 2, which.this Court previously vacated.[2]
On August 21, 2015, defendant filed an untimely pro se notice of intent to appeal and motion to set a return date.[3] On September 6, 2015, the trial court granted defendant’s request for an appeal and appointed the Louisiana Appellate Project to represent defendant. The State did not object to the untimeliriess of the appeal until it filed its appellate' brief with this Court. Instead of remanding this matter to the trial court to grant defendant an out-of-time appeal, we will address defendant’s appeal to avoid “further useless delay.” State v. Gros, 13-879 (La.App. 5 Cir. 3/26/14), 138 So.3d 763, 765, fn. 2; State v. Babineaux, 08-705 (La.App. 5 Cir. 1/13/09), 8 So.3d 621.

LAW AND DISCUSSION

On appeal, defendant’s sole assignment of error is that the 15-year sentence imposed on Count 1 is unconstitutionally harsh and excessive, even though this is the minimum sentence allowed by law.[4] *1272 Defendant also notes the trial court’s failure to resentence him on the second count of distribution of cocaine.
Defendant contends that even though his sentence was imposed in conformity with a plea and sentence agreement, he still has the right to appeal his enhanced sentence. Defendant notes the written waiver of rights form did not contain language which explained he was waiving his right to appeal the sentence. Additionally, he notes that during the waiver of rights colloquy, the trial court initially stated defendant was giving up his right to appeal his sentence, but when the defendant questioned this statement, the trial judge changed his advisement and stated that defendant had “two years after the judgment of conviction and sentence is confirmed to appeal the sentence in this matter.” Defendant also points to this Court’s opinion in his original appeal, which reserved his right to appeal his sentences following remand. The State argues in response that defendant is barred from appealing his sentence because the trial court imposed the sentence in conformity with a plea agreement.'
La.C.Cr.P. art. 881.2(A)(2) provides'that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement, which was set | ¿forth in the record at the time of the plea.” See also State v. Reed, 10-527 (La.App. 5 Cir. 2/15/11), 61 So.3d 74, 78, unit denied, 11-509 (La.9/30/11), 71 So.3d 280; State v. Cross, 06-866 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30. This Court also has applied La.C.Cr.P. art. 881.2(A)(2) to cases in which a defendant admits to the allegations in a habitual offender bill of information as part of a sentencing agreement. State v. Bolton, 02-1034 (La.App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417.
A defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. Reed, supra (citing State v. Jones, 05-840 (La.App. 5 Cir. 3/28/06), 927 So.2d 514, 528).' Furthermore, there is no need for the trial judge to provide reasons for the sentence in accordance with La.C.Cr.P. art. 894.1, when a defendant pleads guilty and agrees to the sentence imposed. State v. Dickerson, 11-236 (La.App. 5 Cir. 11/15/11), 80 So.3d 510, 521.
In the present case, the record reflects that following negotiations with the district attorney, defendant stipulated to being a second felony offender and stipulated to the minimum 15-year sentence. In the waiver of rights form he signed, defendant acknowledged that he understood he would receive a 15-year sentence. Defendant contends that he is entitled to appellate review of his sentence because the waiver of .rights form did not advise him that he was waiving his right to appeal. He further notes the trial court’s mistaken advisement that he. had two years to appeal his sentence.
A trial judge is not required to advise a defendant of his waiver of the right to judicial review as a prerequisite to apply the prohibition-'against appellate review of a sentence set forth in La.C.Cr.P. art. 881.2(/1)(2), See State v. Sorenson, 98-520 (La.App. 1 Cir. 12/28/98), 725 So.2d 604, 606; State v. Senterfitt, 00-415 (La.App. 3 Cir. 9/27/00), 771 So.2d 198, 202, writ denied, 00-2980 (La.9/28/01), 798 *1273 So.2d 107. Furthermore, La.C.Cr.P. art. 556.1 does not require the court to advise a defendant of his waiver of appellate review when accepting a guilty plea for a felony charge.
Although the trial court told defendant he had two years to appeal his sentence, we do not find this mistaken advisement overrides the prohibition set forth in La.C.Cr.P. art. 881.2 against appealing or seeking review of a sentence when the defendant’s sentence conforms with the terms of a negotiated plea agreement. See State v. Jackson, 07-975- (La.App. 5 Cir. 4/15/08), 985 So.2d .246, .250-51 (finding defendant barred from review of his sentence even though plea form and trial judge incorrectly informed defendant. that he had 30 days to appeal his sentence);[5] State v. Washington, 07-852 (La.App. 3 Cir. 1/30/08), 977 So.2d 1060, 1061 (finding defendant was precluded from seeking review of a sentence within the terms of his plea agreement despite trial judge’s incorrect advisement regarding defendant’s right to appeal); s.ee also State v. Nix, 12-312 c/w 12-313 & 12-314 (La,App. 3 Cir. 11/7/12), 116 So.3d 112 (unpublished).
Defendant further contends he is entitled to appeal his sentence based on this Court’s reservation of defendant’s right to appeal in its prior opinion in this matter, Robinson, supra. However, at the time this Court noted defendant’s future right to appeal his sentences, defendant did not have a plea agreement with the State which precluded review of his sentences.
Finally, even if defendant was not barred from appellate review, his sentence is not unconstitutionally harsh or excessive.
17The mandatory minimum sentence for a habitual offender set forth in La. R.S. 15:529.1 is presumed constitutional. State v. Taylor, 06-839 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 28, writ denied, 06-859 (La.6/15/07), 958 So.2d 1179; State v. Douglas, 03-1266 (La.App. 5 Cir. 2/23/04), 868 So.2d 896, 900, writ denied, 04-0955 (La.10/1/04), 883 So.2d 1006. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” Taylor, 956 So.2d at 28. -
Defendant received the mandatory minimum sentence set forth in La. R.S. 15:529.1(A)(1). Defendant failed to put forth any facts or arguments to support his conclusion that he is the exceptional defendant for whom downward departure from the mandatory minimum sentence is required. His sentence is presumed constitutional and he has failed to provide clear and convincing evidence to rebut that presumption.

ERROR PATENT DISCUSSION

| ^Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). Because defendant received an er *1274 ror patent review in his original appeal, Robinson, 167 So.3d at 800, defendant’s second error patent review is limited to those proceedings held after remand. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, unit denied, 01-3326 (La.1/10/03), 834 So.2d 426.
Defendant notes an error patent when the trial court did not ré-impose a sentence as to Count 2 for violating La. R.S. 40:967(A), distribution of cocaine. As explained above, this Court previously affirmed defendant’s convictions, but vacated defendant’s original and multiple offender sentences on both Counts 1 and 2. This Court then remanded this matter to the trial court to rule on deféndant’s motion for new triál and resentence defendant bn both counts in the event the trial court denied the motion for new trial. However, the trial court failed to resenténce the defendant on Count 2.[6] Therefore, we remand this matter back to the trial court for the imposition of a sentence on Count 2. • ..

DECREE

For the foregoing reasons, we affirm defendant’s sentence.on Count 1 and remand this matter to the trial court to sentence defendant on Count 2.

AFFIRMED AND REMANDED FOR SENTENCING

. When the trial court initially sentenced defendant following conviction on March 12, 2014, it imposed a 15-year sentence following defendant’s guilty plea to a third offender multiple bill. The trial court later determined that this was an illegally lenient sentence and resentenced defendant to the minimum of 20 years as a third felony offender. After denying the motion for new trial following remand from this Court, the trial court noted it would allow defendant time to attempt to negotiate a lessér sentence.

. The trial court did not resentence defendant on the underlying convictions in Counts 1 and 2 prior to accepting defendant’s plea on the multiple offender bill filed with respect to Count 1. We discuss this issue below in the errors patent review.

. La.C.Cr.P. art. 914(B)(2) requires a defendant to file a motion for an appeal thirty days after sentencing if he does not file a motion to reconsider sentence.

. This is the minimum sentence for a second felony offender based on an underlying conviction for violating La. R.S. 40:967(A), distribution of cocaine! The sentencing range for a violation of La. R.S. 40:967(A), distribution of cocaine, is "imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation or *1272 suspension of sentence.” La. R.S. 40:967(B)(4)(b). As a second felony offender, the sentencing range is increased to no less than 15 years and no , more than 60 years at hard labor without the benefit of probation or suspension . of sentence. La. R.S. 15:529.1(A)(1) and (G).

. After finding that the defendant in Jackson was precluded from raising the issue of exces-siveness of sentence on appeal, this Court found that even if it reviewed the defendant's sentence for constitutional excessiveness there was no merit to the defendant’s claims. Id. at 251-53.

. The trial court also failed to resentence defendant on the underlying conviction in Count 1. However, the failure to impose an original sentence before a multiple offender adjudication is not error since the original sentence would be vacated upon the defendant’s sentencing as a multiple Offender. State v. Crane, 00-1373 (La.App. 5 Cir. 3/14/01); 783 So.2d 448, 452, fn. 4; State v. Brooks, 00-106 (La. App. 5 Cir. 9/26/00), 769 So.2d 1242, 1246.