STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 KA 0150

STATE OF LOUISIANA

VERSUS

HULUS DOUGHTY

Judgment Rendered: OCT 1 8 2021

Appealed from the
Twenty-first Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket Number 1601074

Honorable Jeffrey S. Johnson, Judge Presiding

*************

Scott M. Perilloux
Patricia Parker Amos
Amite, LA

Counsel for Appellee,
State of Louisiana

Zachary Daniels
Livingston, LA


Samuel H. Winston
Kara A. Larson
New Orleans, LA

Counsel for Defendant/Appellant,
Hulus Doughty


*************

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

J. Hester concurs with reasons

**WHIPPLE, C.J.**

Defendant, Hulus Doughty, was charged by a grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. He pled not guilty. After a trial, eleven jurors found defendant guilty as charged. The trial court imposed a sentence of life imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. Defendant now appeals, assigning as error his conviction by a non-unanimous verdict. For the following reasons, we vacate defendant's conviction and sentence, and remand for a new trial.

## CONSTITUTIONALITY OF NONUNANIMOUS VERDICT

In his appellate brief, defendant argues the non-unanimous verdict to convict him violated his rights under the Sixth Amendment of the United States Constitution. The State contends that while Ramos v. Louisiana, ___ U.S. ___, ___, 140 S. Ct. 1390, 1397, 206 L. Ed. 2d 583 (2020) is controlling relative to non-unanimous verdicts, a discrepancy between the transcript, minutes, and actual polling slips herein warrants a remand to the trial court for further review. Defendant argues in a reply brief that judicial efficiency is not served by remanding the case for a hearing as the evidence required to make the decision is already in the record filed with this court.

Both the trial transcript and court minutes indicate defendant was convicted by a unanimous jury verdict. While the transcript controls when there is a discrepancy between it and the minutes, we conclude that the polling slips control when the slips are inconsistent with the trial transcript and minutes.[1] As recognized in State v. Jones, 2018-0973 (La. App. 4th Cir. 2/3/21), 314 So. 3d 20, 22, jury polling slips "are the best evidence of the jury votes." See also State v. Kondylis, 2013-0683 (La. App. 1st Cir. 12/27/13), 2013 WL 6858346, at *1 n.1 (unpublished), writ granted in part, denied in part, 2014-0196 (La. 10/3/14), 149

---

[1] See generally, State v. Lynch, 441 So. 2d 732, 734 (La. 1983).

So. 3d 1210; State v. Robinson, 2014-453 (La. App. 5th Cir. 12/23/14), 167 So. 3d 793, 800; and State v. Pitre, 2005-405 (La. App. 3rd Cir. 3/1/06), 924 So. 2d 1176, 1182, writ denied, 2006-1438 (La. 12/15/06), 944 So. 2d 1283 (in which the courts credited proof of the actual polling over the minute entry regarding the polling).

Thus, because this court has the polling slips as part of the record, and the polling slips clearly indicate a vote of 11-to-1, we need not remand the case to the trial court for a hearing. cf. State v. Smith, 2020-177 (La. App. 5th Cir. 4/28/21), ___ So. 3d ___, ___, 2021 WL 1659850, at *6 (case remanded for clarification where the transcript and minute entry indicated that the trial judge declared a unanimous verdict, but the polling slips revealed that one of the jurors had circled "yes" to each of three options listed of guilty of the charged offense, guilty of a lesser offense, and not guilty); State v. Fortune, 2019-0868 (La. App. 4th Cir. 8/12/20), 310 So. 3d 578, 579-580 (case remanded to the trial court to confirm the jury's verdict where the record indicated that the jury was not polled and evidence of polling was not contained in the record, but the parties acknowledged that the jury's verdict was 10-2).

As now fully recognized and followed by the courts of this state, in the recent decision of Ramos v. Louisiana, 140 S. Ct. at 1397, the United States Supreme Court overruled Apodaca v. Oregon, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The Ramos court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. Ramos, 140 S. Ct. at 1406. See also Schriro v. Summerlin, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004) (observing that "[w]hen a decision of [the

3

United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); State v. Cohen, 2019-00949 (La. 1/27/21), 315 So. 3d 202, 203 (*per curiam*).

Accordingly, we find merit to defendant's assignment of error. Defendant's conviction and sentence are vacated, and this case is remanded to the trial court for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0150

STATE OF LOUISIANA

VERSUS

CHH                     HULUS DOUGHTY

**HESTER, J. concurring**

The majority concludes that the polling slips control when the slips are inconsistent with the trial transcript and minutes. I agree in this particular case that the polling slips are the best evidence of the jury's verdict. However, I write separately to point out that the circumstances of each case are unique, and the transcript, minutes, polling slips (if they exist), and any other information should be viewed together to resolve any discrepancy to determine the best evidence of the jury's verdict.