STATE OF LOUISIANA

VERSUS

SCOTT T SURGI

NO. 24-KA-293

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 24-52, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

February 26, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel

<u>**AFFIRMED; REMANDED WITH INSTRUCTIONS**</u>
    **JGG**
    **JJM**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler

COUNSEL FOR DEFENDANT/APPELLANT,
SCOTT T. SURGI
 Bertha M. Hillman

**GRAVOIS, J.**

Defendant, Scott T. Surgi, appeals his conviction and sentence for simple burglary in violation of La. R.S. 14:62. Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] previously appointed appellate counsel filed a brief asserting that she thoroughly reviewed the trial court record and could not find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), previously appointed appellate counsel filed a Motion to Withdraw as Attorney of Record for defendant. However, prior to submission of this appeal for decision, previously appointed appellate counsel for defendant and newly appointed appellate counsel for defendant filed a Motion to Substitute newly appointed appellate counsel for defendant in place of previously appointed appellate counsel for defendant. The Motion to Substitute was granted by this Court. This Court then denied previously appointed appellate counsel's Motion to Withdraw as Attorney of Record for defendant as moot. Newly appointed appellate counsel for defendant has filed neither a brief on behalf of defendant, nor a Motion to Withdraw as Attorney of Record for defendant.

For the following reasons, we affirm defendant's conviction and sentence and remand on errors patent review with instructions.

## PROCEDURAL HISTORY

On January 5, 2024, the Jefferson Parish District Attorney filed a bill of information charging defendant, Scott T. Surgi, with simple burglary of a garage located at 1004 Alura Avenue in Metairie belonging to Steven Crawford and/or

---

[1] In *Bradford*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

Maria White in violation of La. R.S. 14:62. Defendant pled not guilty at his arraignment on January 8, 2024.

On February 28, 2024, defendant withdrew his not guilty plea and pled guilty as charged. On that same date, the trial court sentenced defendant to the Department of Corrections for two years in accordance with the plea agreement. The transcript reflects that the trial judge also ordered the sentence to run concurrently with the sentences in case numbers 22-5343, 23-4835, and 24-53.

Also on February 28, 2024, the State filed a habitual offender bill of information alleging defendant to be a second-felony offender to which defendant stipulated. On that same date, the trial judge vacated the original sentence and resentenced defendant as a second-felony offender to seven years in the Department of Corrections without the benefit of probation or suspension of sentence. The trial judge waived all court costs, fines, and fees associated with the instant case. On March 14, 2024, defendant filed a timely *pro se* motion for an appeal that was granted on April 8, 2024.[2]

## FACTS

Defendant entered a guilty plea, and therefore, the underlying facts were not developed at a trial. However, during the colloquy, the prosecutor said that if the case had proceeded to trial, the State would have proven that on or about November 6, 2023, defendant violated La. R.S. 14:62, in that he committed a simple burglary of a garage located at 1004 Allura Avenue[3] in Metairie belonging to Steven Crawford and/or Maria White. Additionally, defendant indicated that he committed the crime.

---

[2] Defendant has two companion cases, 24-KA-291 and 24-KA-292, pending in this Court. In all three cases, defendant pled guilty to simple burglary in violation of La. R.S. 14:62.

[3] The State alleged in the bill of information that the offense occurred on Alura Avenue.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if counsel finds the appeal to be wholly frivolous after a conscientious examination of it.[4]  The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.  The Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110.  If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and

---

[4] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

## ANALYSIS

Defendant's previously appointed appellate counsel asserted in the brief filed on defendant's behalf that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel stated that during the plea colloquy, the trial judge explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights. The trial judge explained to defendant that he had the right to a jury trial, to remain silent, to confront witnesses, and to the presumption of innocence. Counsel averred that the trial judge informed defendant that the State would be required to prove his guilt beyond a reasonable doubt and that by tendering his plea, he was waiving his right to appeal. Counsel also averred that the trial judge told defendant that if he was arrested and convicted of subsequent offenses, this plea could be used to enhance the penalty under the habitual offender law.

Counsel provided that the trial judge determined that defendant was aware of the nature of the crime and understood the consequences of his plea. Counsel also provided that the trial judge agreed to sentence defendant to a term of two years and that she thereafter sentenced defendant in conformity with the plea agreement. Counsel averred that the State filed a habitual offender bill of information in open court, after which the trial judge explained the rights defendant would be waiving by admitting he was a second-felony offender. Counsel further averred that the trial judge informed defendant that the sentencing range under the habitual offender bill was four to twenty-four years and that he would receive an enhanced sentence of seven years. Counsel stated that the trial judge vacated the prior

sentence and resentenced defendant to seven years in conformity with the plea agreement.

Counsel asserted that the bill of information shows that defendant was properly charged, that it plainly and concisely states the essential facts constituting the offense charged, and that it sufficiently identified defendant and the crime charged. Counsel maintained that the record reveals that there are no appealable issues involving defendant's presence, as he was present and represented by counsel at all crucial stages of the proceedings, including his arraignment and sentencing. Counsel submitted that the trial judge imposed the sentence in conformity with the plea agreement. Accordingly, counsel acknowledged that defendant is now restricted by law from appealing his conviction and sentence.

The State responds that appellate counsel correctly noted that this case presents no non-frivolous issues for appellate review.

Previously appointed appellate counsel filed a motion to withdraw as attorney of record for defendant, which states that counsel notified defendant of the filing of this motion and of his right to file a *pro se* brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until August 1, 2024 to file a *pro se* supplemental brief. Defendant did not file a *pro se* supplemental brief.

Our independent review of the record supports previously appointed appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It sufficiently identified defendant and the crime charged. *See* La. C.Cr.P. arts. 464 and 466. As reflected by the minute entries, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea

proceedings, habitual offender stipulation, and sentencing. As such, defendant's presence did not present any issues that would support an appeal.

The record also indicates that defense counsel filed a Motion for Discovery and Inspection and for Exculpatory Evidence for Defendant, which was not ruled upon by the trial court prior to the time defendant entered his guilty plea. However, defendant did not object to the trial court's failure to do so. When a defendant does not object to the trial court's failure to hear or rule on a pretrial motion prior to pleading guilty, the motion is considered waived. *See State v. Corzo*, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

Defendant pled guilty as charged to simple burglary, and he also stipulated to being a second-felony offender. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or by an application for post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are unconstitutionally infirm may be withdrawn by appeal or by an application for post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is unconstitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. *Id.* Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. *State v. Schaefer*, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

---

[5] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Our independent review of the record reveals no unconstitutional infirmity or any irregularity in defendant's guilty plea that would render it invalid. The record reflects that on February 28, 2024, defense counsel advised the trial judge that defendant was going to plead guilty that day to simple burglary. The State said that it would limit its prosecution in this matter to a double bill. During the colloquy, defendant indicated that he was pleading guilty to simple burglary. The trial judge advised defendant that by pleading guilty, he was giving up many rights, including the right to a trial by a jury. The trial judge informed defendant that he had the right to require that the State prove his guilt beyond a reasonable doubt and the right to confront accusers, to cross-examine witnesses, and to compel testimony on his own behalf. She also informed defendant that he had the right to remain silent and not testify and that his silence would not be an inference of guilt. The trial judge advised defendant that he had the right to appeal any adverse verdict and the right to the assistance of an attorney. She stated that if defendant could not afford an attorney, a free court attorney would be appointed. When asked if defendant understood that he was waiving and giving up these rights if he entered into a guilty plea, defendant replied affirmatively.

Defendant also indicated he understood that by pleading guilty, he was authorizing the trial court to impose a penalty without having a trial. He understood that if he was arrested and convicted of any subsequent offense, his guilty plea could be used to enhance the penalty for that offense. Defendant indicated that no one had made any promises or threats and that no one had coerced him into entering a guilty plea. The prosecutor then provided a factual basis for the offense, and defendant admitted that he had committed the crime to which he was pleading guilty.

The trial judge then stated that she was satisfied that defendant was aware of the nature of the crime to which he was pleading guilty, that defendant did in fact

commit the crime, that he understood the consequences of his plea, that he was voluntarily pleading guilty, and that there was a factual basis for the plea. Therefore, the trial judge accepted defendant's guilty plea.

Further, the waiver of rights form pertaining to the guilty plea reflects that defendant was advised of his rights, including his right to a jury trial, his right to confrontation, and his privilege against self-incrimination; that defendant placed his initials next to the individual advisals of his rights; and that he placed his signature at the end of the waiver of rights form, thus indicating that he understood he was waiving those rights. The waiver of rights form also reflects that defendant understood that he was pleading guilty to simple burglary, and it set forth the actual sentence defendant would receive if he pled guilty. The trial judge found that defendant made a knowing, intelligent, free, and voluntary act of pleading guilty.

The trial judge subsequently sentenced defendant to two years in the Department of Corrections and ordered that sentence to run concurrently with the sentences in case numbers 22-5343, 23-4835, and 24-53. Afterwards, the State filed a habitual offender bill of information alleging defendant to be a second-felony offender to which defendant stipulated. An independent review of the record reveals no unconstitutional infirmity in defendant's stipulation to the habitual offender bill.

The record reflects that defense counsel told the trial judge that he and defendant had been presented with a copy of the habitual offender bill of information and that he had a chance to review it himself and with defendant. Defense counsel stated that he explained to defendant that he had the right to proceed to a hearing. He further stated that defendant asked him to waive the hearing and stipulate that he was a second-felony offender as alleged by the State in the habitual offender bill.

24-KA-293                                          8

The trial judge responded that the State alleged that defendant was a second-felony offender after having pled guilty to simple burglary on May 3, 2019. The trial judge told defendant that it was her understanding that he waived his rights and was stipulating to the habitual offender bill. Defendant responded affirmatively. Defense counsel informed the trial judge that it did not sound like defendant wanted to stipulate to the habitual offender bill. The trial judge then asked defendant if he wanted to stipulate to the habitual offender bill, and defendant responded that he wanted to stipulate because he had no choice. The trial judge told defendant he did have a choice, and defendant thereafter indicated he wanted to stipulate to the habitual offender bill.

The trial judge advised defendant that by "pleading guilty," he was acknowledging that he had the prior felony conviction, that he was a second-felony offender, that he was giving up the right to plead "not guilty," and that he was giving up the right to have a hearing that would force the State to prove that he was the same individual who had a prior felony record. The trial judge further advised defendant that by "pleading guilty," he was giving up the right to have the State prove "that not more than five or ten years from a crime of violence or sex offenses have elapsed since the expiration of the correctional supervision, the term of the imprisonment if not placed on supervision following imprisonment or other previous convictions." The trial judge informed defendant that by "pleading guilty," he was also giving up the right to have the State prove that if any prior convictions were a result of guilty pleas, that he was properly advised at that time as to his right to a trial by jury, to confront and cross-examine witnesses, to remain silent, and to not have his silence held against him. Defendant indicated that he understood these rights.

The trial judge advised defendant that the sentencing range as a second-felony offender was four to twenty-four years, and that the sentence he would

receive would be seven years without the benefit of probation or suspension of sentence. Defendant indicated he understood. He also indicated that he had not been forced or coerced into entering into the stipulation. The trial judge informed defendant that no application for post-conviction relief or other out-of-time appeal would be considered if it was filed more than two years after the judgment of conviction and sentence became final. Afterwards, the trial judge stated she was going to accept the stipulation by defendant as having been knowing, intelligently, and voluntarily made.

Further, the waiver of rights form reflects that defendant stipulated to being a second-felony offender. It indicates that defendant was advised of his rights, the sentencing range, and the actual sentence. The waiver of rights form reflects that defendant placed his initials next to the individual advisals of his rights and that he placed his signature at the end of the waiver of rights form, thus indicating that he understood he was waiving those rights. The trial judge found that defendant made a knowing, intelligent, free, and voluntary act of stipulating to the habitual offender bill.

Finally, defendant's sentences do not present any issues for appeal. Specifically, defendant's original and enhanced sentences are within the sentencing ranges prescribed by the statutes. *See* La. R.S. 14:62; La. R.S. 15:529.1. Further, defendant's original and enhanced sentences were imposed pursuant to, and in conformity with, the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46. Likewise, this Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. *State v. Robinson*, 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269, 1272.

We find previously appointed appellate counsel's brief adequately demonstrated by full discussion and analysis that counsel reviewed the trial court proceedings and could not identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion.

## ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

The record reflects inconsistencies between the transcript, the sentencing minute entry, and the uniform commitment orders ("UCO"). The sentencing minute entry and both UCOs reflect that the underlying and enhanced sentences were to be served concurrently with case numbers 22-5343, 23-4835, 24-53, "and any and all other sentences Defendant may be currently serving, including parole revocation sentence." However, the transcript reflects that the trial judge only ordered the underlying and enhanced sentences to run concurrently with case numbers 22-5343, 23-4835, and 24-53. She did not say that the underlying and enhanced sentences were to run concurrently with any and all other sentences defendant may be currently serving, including parole revocation sentences.

The transcript prevails where there is a discrepancy between the minutes and the transcript. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). To ensure accuracy in the record, we remand the matter to the trial court to correct the sentencing minute entry and both UCOs to properly reflect the trial court's ruling regarding the concurrent nature of the sentences. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the corrected habitual offender UCO to the appropriate authorities and the Department of Corrections legal department.

## DECREE

Accordingly, we affirm defendant's conviction and sentence.  However, we remand the matter for correction of errors patent as noted herein.

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 24-KA-293

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)          CHRISTOPHER A. ABERLE (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053